UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : CR. No. 05-100-01 (RWR) | |
| v.  : | |
| ANTWUAN BALL : | |
|     Defendant. : | |

**MOTION TO SUPPLEMENT SENTENCING MEMORANDUM
TO RAISE APPLICABILITY OF FAIR SENTENCING ACT**

Defendant Antwuan Ball, through undersigned court-appointed counsel, respectfully supplements the record to request the Court to include in the Court's sentencing consideration of Mr. Ball the recently enacted Fair Sentencing Act of 2010, PL 111-20, 124 Stat. 2372 (2010)[hereafter Act].

## Discussion

Defendant Ball is subject to a mandatory minimum of five years for conviction of Count 22, which involved selling 11 grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1) and 841 (b)(1)(B)(iii) (Distribution of 5 Grams or more of Cocaine Base). Sentencing Guidelines § 2D1.1(c)(8), the applicable section of the Drug Quantity Table in the Guidelines, establishes an Offense Level of 24 for the offense of conviction. Mr. Ball's Criminal History score is 2, which places him in Criminal History Category II. The Sentencing Table establishes the Sentencing Ranges as 57-71 months of which 5 years is a mandatory minimum. The new Act, which defendant argues below is applicable in this case, is compared with the 1986 statutes, there is a significant change.

To begin with, when the mandatory minimum sentences are compared between cocaine powder and crack, there is a disparity of 100-to-1 of crack-to-powder ratio in the 1986 law as follows:

1

§ 841(b)(1)(A) crack amount of 5 grams or cocaine powder of 500 grams is 5 years; § 841(b)(1)(B) crack amount of 50 grams or cocaine powder 5,000 grams (5kg) is 10 years.

To correct this disparity, in relevant part, S. 1789, the Fair Sentencing Act, states:

Sec. 2.  COCAINE SENTENCING DISPARITY REDUCTION.

(a) CSA - Section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) is amended - (1) in subparagraph (A)(iii), by striking "50 grams" and inserting "280 grams"; and (2) in subparagraph (B)(iii), by striking "5 grams" and inserting "28 grams".

It should be noted that Sections 841(b)(1)(A)(iii) and 960(b)(1)(C) of title 21, United States Code, are treated the same in the Fair Sentencing Act of 2010, just as are § 841(b)(1)(B)(iii) and § 960(b)(2)(C). Therefore, for ease of reference therefore, whatever is said about § 841(b)(1)(A)(iii) applies equally to § 960(b)(1)(C), and whatever is said about § 841(b)(1)(B)(iii) apples equally to § 960(b)(2)(C).

The Act, therefore, is rather significant for a number of reasons in this case. First, the change acknowledges the 1986 crack provisions under which Mr. Ball was prosecuted were discriminatory and that the severe crack cocaine penalties in those provisions overstated the seriousness of crack offenses, punishing mostly low-level dealers and minorities.  With regard to minorities, more than 80% of people convicted in federal court for crack offenses are African American, while only 27% of those convicted of powder cocaine offenses are African American. The Act was designed to combat the racial discrimination inherent in the 1986 crack-to-powder ratio, bring balance and fairness to sentencing, and restore our fundamental principles of equal protection under the law. Congressman Hoyer recognized that "[t]he 100-to-1 disparity is counterproductive and unjust." 156 Cong. Rec. H6203 (daily ed. July 28, 2010) (Statement of Congressman Hoyer).  He then stated that this was not just his opinion but the opinion held by a number of judicial, prosecutorial, and law enforcement organizations, including the

"U.S. Sentencing Commission, the Judicial Conference of the United States, the National District Attorneys Association, the National Association of Police Organizations, the Federal Law Enforcement Officers Association, the International Union of Police Associations, and dozens of former Federal judges and prosecutors." Id. 22 Congressman Hoyer continued to explain that these groups "have seen firsthand the damaging effects of our unequal sentencing guidelines up close, and they understand the need to change them. That's what this is about." Id.

Second, although the government may argue the Act is moot because Mr. Ball has already served more than the mandatory minimum of five years on the charge, even so the Act did clarify what was to be considered by the Court as a low-level dealer and crack cocaine user amount by changing the threshold amounts for mandatory minimums. By changing the mandatory minimum for convictions of dealers who sell less than 28 grams of crack, as found in this case, Congress was saying the 1986 law was based on false assumptions and now places Mr. Ball in low-level dealer category not a kingpin status. Third, the changes implemented by the Act acknowledges, as should the Court, that it would be unjust, fundamentally unfair, and a denial of equal protection to continue to apply the 100-1 crack-to-powder ratio in the 1986 law in the instant case.

Turning to the applicability of the Act to the instant case, Mr. Ball notes that his case is still pending and that he has not yet been sentenced. The general rule is that a new statute should apply to cases pending on the date of its enactment unless manifest injustice would result or there is a statutory directive or legislative history to the contrary. *United States v. Kolter*, 849 F.2d 541, 543-44 (11th Cir. 1988) (citing *Bradley v. School Board of Richmond*, 416 U.S. 696, 711-14, 94 S. Ct. 2006, 2016-17 (1974); *United States v. Fernandez-Toledo*, 749 F.2d 703, 705 (11th Cir.1985); *Central Freight Lines, Inc. v. United States*, 669 F.2d 1063, 1069 (5th Cir.1982); *Corpus v. Estelle*, 605 F.2d 175, 180 (5th Cir.1979)) Compare *U.S. v. Johnson v. United States*, 576 A. 2d 739 (DC 1990) in the case of

3

amendatory legislation after an individual is sentenced.

Defendant contends there is no legislative history indicating the Act should not be applicable to those cases that are pending sentencing or were pending on the date of the Act. There is nothing to the contrary in the Act that directs that the law is applicable only to cases occurring after the Act's passage. Further, a review of the Act does not indicate there is a savings clause limiting its scope. See, for example, *Bradley v. United States*, 410 U.S. 605, 93 S.Ct. 1151 (1973).

Defendant Ball also contends that there is no manifest injustice resulting in an exception to the general rule stated above and the legislation suggests otherwise. 156 Cong. Rec. H6197 (daily ed. July 28, 2010) (statement of Rep. James E. Clyburn, House Majority Whip (D-SC)); see also 156 Cong. Rec. S1682-6183 (daily ed. March 17, 2010) (statement of Sen. Patrick Leahy (D-VT), co-sponsor of S. 1789). 155 Cong. Rec. S10493 (daily ed. Oct. 15, 2009) (statement of Sen. Specter (D-PA)). There is obviously no manifest injustice in applying the Act to pending cases where the 1986 crack provisions are discriminatory. As mentioned above, to only apply the Fair Sentencing Act prospectively would perpetuate the discrimination inherent in the old law, thereby effectuating a continuing miscarriage of justice. See, e.g., 156 Cong. Rec. 1683 (daily ed. March 17, 2010) (statement of Sen. Leahy) (discussing a letter to the Senate Judiciary Committee from John Payton, the president of the NAACP Legal Defense Fund, who called the crack-to-powder disparity "one of the most notorious symbols of racial discrimination in the modern criminal justice system."). There are, thus, also constitutional and policy reasons that militate in favor of applying the Fair Sentencing Act in sentencing in the case of Mr. Ball.

Finally, Mr. Ball notes that the Act is remedial and curative in nature. *Warden v. Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 94 S. Ct. 2532 (1974), which suggests that statutory changes that are procedural or remedial in nature apply retroactively. In the present case, the changes are clearly designed to remedy past injustices and discriminatory actions and remedy the situation in the future.

## Conclusion

For the forgoing argument and reasons, Mr. Ball requests that the Court sentence Mr. Ball in accordance with the principles and findings with the adjusted mandatory minimum penalties in the Fair Sentencing Act of 2010.

Respectfully submitted,

_____/S/_____
John J. Carney (Bar No. 241-745)
Carney and Carney
601 Pennsylvania Ave., N.W.
Suite 900
Washington, D.C. 20004
(202) 434-8234
Fax: (703) 323-9760
Email: VetaJohn@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing has been served via ECF Filing on counsel of record.

_____/s/_____
John Carney