UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )   Criminal No. 05-0100-1 (PLF)
                                    )
ANTWUAN BALL                        )
(also known as "Abdus Salaam Rashaad"), )
                                    )
            Defendant.              )
_____)

OPINION AND ORDER

        The matter is before the Court on the motion [Dkt. No. 1619] of defendant Antwuan Ball, also known as Abdus Salaam Rashaad, to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Upon careful consideration of the parties' written submissions, the relevant legal authorities, and the entire record in this case, the Court will deny the motion.[1]

---

[1] In connection with the pending motions, the Court has reviewed the following filings, including the exhibits attached thereto: the November 27, 2007 Indictment [Dkt. No. 1190]; the Verdict Form [Dkt. No. 1191]; the March 21, 2011 Final Presentence Investigation Report ("PSR") [Dkt. No. 1434]; the March 22, 2011 Judgment ("Judgment") [Dkt. No. 1443]; the Statement of Reasons [Dkt. No. 1444]; Mr. Ball's Pro Se Letter Requesting Sentence Reduction [Dkt. No. 1600]; the March 17, 2011 Sentencing Transcript ("Sentencing Tr.") [Dkt. No. 1608]; Mr. Ball's Motion for Reduction of Sentence ("Mot.") [Dkt. No. 1619], filed by counsel on his behalf; United States' Opposition to Mr. Ball's Motion for Reduction of Sentence ("Opp'n") [Dkt. No. 1626]; United States' Notice of Filing of Corrected Exhibit [Dkt. No. 1631]; Mr. Ball's Reply in Support of his Motion for Reduction of Sentence ("Reply") [Dkt. No. 1632]; and Mr. Ball's Supplemental Memorandum in Support of Motion to Reduce Sentence ("Supp.") [Dkt. No. 1705].

I. BACKGROUND

This case was originally assigned to Judge Richard W. Roberts, who presided over the trial of Mr. Ball and his co-defendants in 2007. In November 2007, the jury found Mr. Ball guilty of one count of distributing five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). See United States v. Jones, 744 F.3d 1362, 1365 (D.C. Cir. 2014); Judgment at 1.

Shortly before Mr. Ball was sentenced, the United States Sentencing Commission promulgated temporary emergency amendments to the Sentencing Guidelines with an effective date of November 1, 2010. See U.S.S.G. app. C, amend. 748 (Supp. Nov. 1, 2010); 75 Fed. Reg. 66188, 66188-93 (Oct. 27, 2010). Prior to the emergency amendments, 1.5 kilograms of cocaine base was the threshold between offense level 34 ("At least 500 G but less than 1.5 KG") and offense level 36 ("At least 1.5 KG but less than 4.5 KG"). See U.S.S.G. § 2D1.1(c) (2010). After the emergency amendments, 2.8 kilograms of cocaine base was the threshold between offense level 34 ("At least 840 G but less than 2.8 KG") and offense level 36 ("At least 2.8 KG but less than 8.4 KG"). See U.S.S.G. § 2D1.1(c) (Supp. Nov. 1, 2010).

Judge Roberts sentenced Mr. Ball on March 17, 2011, four months after the emergency amendments went into effect. He found Mr. Ball responsible for "at least 1.5 kilos" of cocaine base, resulting in a base offense level of 34. See Sentencing Tr. at 37; PSR ¶ 90; see also United States v. Wyche, 741 F.3d 1284, 1292 (D.C. Cir. 2014) ("Under the Sentencing Guidelines, the district court determines a defendant's base offense level – and, ultimately, his guideline range – by delineating his relevant conduct.") (internal citation and quotation marks omitted). Judge Roberts added a two-level enhancement for handgun possession pursuant to U.S.S.G. § 2D1.1(b)(1) and a four-level enhancement for Mr. Ball's role as an organizer or

leader of the criminal activity pursuant to U.S.S.G. § 3B1.1(a), resulting in a total offense level of 40. See id. at 37-39; PSR ¶¶ 90-98. With a total offense level of 40 and a criminal history category of I, Mr. Ball's applicable Guideline range was 292 to 365 months. See Sentencing Tr. at 68; PSR ¶ 142.

Varying below the Guidelines, Judge Roberts sentenced Mr. Ball to 225 months, followed by five years of supervised release. See United States v. Jones, 744 F.3d at 1366; Sentencing Tr. at 72. Judge Roberts justified these downward variances based on the disparity between sentences authorized for crack cocaine offenses and those for powder cocaine offenses, and to avoid unwarranted sentencing disparity between Mr. Ball and his co-defendants. See Sentencing Tr. at 69-70; Statement of Reasons at 2-3. Judge Roberts also explained that he would reduce Mr. Ball's sentence by an additional fifteen months to remedy any prejudice from the three-and-a-half year delay in his sentencing. See Sentencing Tr. at 70-71; Statement of Reasons at 3-4. The D.C. Circuit affirmed the sentence in March 2014. See United States v. Jones, 744 F.3d at 1367-70.[2]

This case was reassigned to the undersigned in April 2016. On January 24, 2017, the Court docketed a letter from Mr. Ball [Dkt. No. 1600], seeking a sentencing reduction based on the "drugs-minus-two" amended Guidelines. On May 2, 2017, Mr. Ball, through appointed counsel, filed the instant motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on

---

[2] The delay in sentencing was caused by, among other things, co-defendant David Wilson's allegation of undisclosed Brady material. Judge Roberts reviewed the allegations prior to sentencing any of the defendants who, like Mr. Ball, might be affected by those allegations. Judge Roberts determined that there was no Brady violation in July 2010. At sentencing in March 2011, Judge Roberts apologized to Mr. Ball for the delay and reduced Mr. Ball's sentence by fifteen months on that ground. See Tr. at 70-71; Statement of Reasons at 3-4. On appeal, the court of appeals held that the fifteen-month sentence reduction was sufficient to remedy any speedy sentencing violation that Mr. Ball may have suffered. See United States v. Jones, 744 F.3d at 1370.

3

Amendment 782 to the Sentencing Guidelines. Amendment 782 reduced by two levels the base offense levels for certain controlled substance offenses. See U.S.S.G. app. C, amends. 782 (reduction), 788 (making Amendment 782 retroactive). Prior to Amendment 782, a drug quantity of at least 840 grams but less than 2.8 kilograms of cocaine base carried an offense level of 34; after the amendment, the same amount fell to an offense level of 32. As noted, with a drug quantity of at least 1.5 kilograms of cocaine base, Mr. Ball's base offense level had been a level 34. With a two-level enhancement for handgun possession and a four-level enhancement for his leadership role, his total offense level was 40 and his criminal history category was I. That yielded a Guideline range of 292 to 365 months at the time of sentencing. Mr. Ball argues that a two-level reduction to offense level 38 would result in a revised Guideline range of 235 to 293 months under the current Guidelines. He asks the Court to reduce his sentence from 225 months to 220 months, fifteen months below the bottom of the revised Guideline range and five months below his current sentence.

## II. LEGAL STANDARD

A court may modify a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court considering a Section 3582(c)(2) motion is to engage in a limited, two-step inquiry. First, the court must determine whether the defendant is eligible for a sentence modification. To do so, the court must determine "the amended guidelines range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. United States v. Wyche, 741 F.3d at 1292 (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). Second, if the defendant is eligible for a sentence modification, the court must consider any applicable factors under 18

4

U.S.C. § 3553(a) and determine whether, in its discretion, a reduction in the defendant's sentence is "warranted in whole or in part under the particular circumstances of the case." United States v. Wyche, 741 F.3d at 1292 (quoting Dillon v. United States, 560 U.S. at 827)). The court is to consider the Section 3553(a) factors "to the extent that they are applicable" and determine if the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2).

III. DISCUSSION

*A. Drug Quantity*

The Court must first determine the amended Guideline range that would have been applicable if Amendment 782 had been in effect when Mr. Ball was sentenced in March 2011. At sentencing, Judge Roberts found Mr. Ball responsible for "at least 1.5 kilos" of cocaine base, resulting in a base offense level of 34. See Sentencing Tr. at 37. With a two-level enhancement for handgun possession and a four-level enhancement for his leadership role, his total offense level was 40 and his criminal history category was I. That yielded a Guideline range of 292 to 365 months at the time of sentencing. Based on a drug quantity of at least 1.5 kilograms of cocaine base, Mr. Ball argues that Amendment 782 now puts him at a total offense level of 38 and a Guideline range of 235 to 293 months. He asks the Court to reduce his sentence from 225 months to 220 months, fifteen months below the bottom of the revised Guideline range.

The United States responds that Judge Roberts did not make a specific drug quantity finding at sentencing; he found only that Mr. Ball was responsible for "at least" 1.5

5

kilograms of cocaine base.[3] The United States asks the Court to make a new, more precise drug quantity finding in order to determine Mr. Ball's applicable Guideline range. It maintains that any such factual inquiry would likely result in a finding that Mr. Ball was responsible for at least 2.8 kilograms of cocaine base, which would put him at a base offense level of 34, a total offense level of 40, and a Guideline range of 292 to 365 months under the current Guidelines. According to the United States, Mr. Ball's applicable Guideline range therefore would remain the same and he would be ineligible for a sentence reduction.

"In order to determine the defendant's amended guideline range for a drug-related offense, the resentencing court must determine the drug quantity attributable to the defendant." United States v. Wyche, 741 F.3d at 1293. "If the original sentencing court failed to make a specific drug-quantity calculation, the resentencing court may have to make its own quantity finding in order to determine the defendant's guideline range." Id. But the resentencing court's drug quantity finding "cannot be inconsistent with factual determinations made by the original sentencing court." See id. (citing United States v. Kennedy, 722 F.3d 439, 442 (D.C. Cir. 2013)).

Resentencing courts may revisit the issue of drug quantity only where the upper limit of the defendant's drug quantity cannot be determined from the offense level assigned by the original sentencing court. See United States v. Smith, No. 09-237-01, 2018 WL 4518025, at *4 (D.D.C. Sept. 20, 2018) (citing United States v. Kennedy, 722 F.3d at 442-43). Here, Mr.

---

[3] At sentencing, Judge Roberts applied the amended 2010 Sentencing Guidelines, under which the threshold between offense levels 34 and 36 was 2.8 kilograms of cocaine base rather than 1.5 kilograms. It appears that Judge Roberts continued to focus on 1.5 kilograms because that was the relevant figure when multiple co-defendants were sentenced prior to the passage of the emergency amendments.

Ball's drug quantity can be ascertained from the original offense level assigned by Judge Roberts. A new drug quantity finding therefore is not necessary in this case.

Mr. Ball was sentenced under the amended 2010 Sentencing Guidelines, under which the threshold between offense levels 34 and 36 was 2.8 kilograms of cocaine base rather than 1.5 kilograms. Judge Roberts calculated a base offense level of 34 based on a drug quantity of "at least" 1.5 kilograms of cocaine base. The offense level calculated by Judge Roberts thus necessarily reflected a determination that Mr. Ball's responsible drug quantity did not exceed 2.8 kilograms because any drug quantity above that amount would have required Judge Roberts to apply a higher offense level of 36. In other words, by assigning a base offense level of 34 corresponding to at least 840 grams but less than 2.8 kilograms of cocaine base, Judge Roberts implicitly found that Mr. Ball was responsible for less than 2.8 kilograms of cocaine base. See United States v. Kennedy, 722 F.3d at 442-43 (sentencing court "implicitly adopted" drug quantity recommendation in presentence investigation report where it calculated an offense level consistent with that recommendation). Under Amendment 782, that finding puts Mr. Ball today at a base offense level of 32. Applying the same enhancements for handgun possession and leadership role that Judge Roberts applied at the original sentencing, Mr. Ball's total offense level is 38 and his revised Guideline range is 235 to 293 months.

This case does not raise the same concerns that required a new drug quantity determination in United States v. Wyche. There, the original sentencing court found defendant Richard Smith responsible for "at least 500 grams of cocaine base," which triggered an offense level of 36, the highest possible offense level at the time. See United States v. Wyche, 741 F.3d at 1293. Mr. Smith moved for a sentence reduction after the Guideline ranges for cocaine base crimes were reduced, arguing that 500 grams of cocaine base yielded an offense level of 32. See

7

id. at 1291. But by then, the Guidelines included multiple higher offense levels tied to proof of quantities over 500 grams of cocaine base. The resentencing court therefore made a new factual finding that Mr. Smith was responsible for more than 8.4 kilograms of cocaine base and denied his motion for a sentence reduction. See id.

On appeal, the court of appeals affirmed the resentencing court's authority to make a new drug quantity finding under those circumstances. See United States v. Wyche, 741 F.3d at 1293. As the panel majority explained, the resentencing court could not determine Mr. Smith's maximum drug quantity based on the offense level assigned by the original sentencing court because, at the time of the original sentencing, Mr. Smith was at the highest possible offense level. See id. But after the Sentencing Guidelines were amended, the resentencing court could not determine from the existing record which of multiple higher offense levels applied to a drug quantity of "at least 500 grams" of cocaine base. See id. ("[T]he 2012 district court could not determine [Smith's] amended guideline range on the basis of the [original sentencing court's] findings because the 2011 amendment specified four different base offense levels for crimes involving over 500 grams of cocaine base – level 32 (at least 280 grams but less than 840 grams), level 34 (at least 840 grams but less than 2.8 kilograms), level 36 (at least 2.8 kilograms but less than 8.4 kilograms) and level 38 (8.4 kilograms or more of cocaine base) . . . ."). [4]

---

[4] At least two judges of this Court have made new drug quantity findings where, as in United States v. Wyche, the original sentencing court did not make a specific drug quantity finding because the drug quantity exceeded the highest possible base offense level at the time of sentencing. See, e.g., United States v. Fernandez, No. 10-18-4, 2018 WL 1832317, at *1 (D.D.C. Apr. 16, 2018), aff'd, No. 18-3028, 2018 WL 5919236 (D.C. Cir. Oct. 19, 2018); United States v. Rivera-Niebla, No. 06-07-2, 2015 WL 9294086 (D.D.C. Dec. 21, 2015); United States v. Harris, No. 89-0036-2, 2012 WL 12932292, at *4-5 (D.D.C. May 21, 2012); United States v. Smith, No. 89-0036-3, 2012 WL 12844610, at *2, *4 (D.D.C. May 21, 2012). See also United States v. Miller, 890 F.3d 317, 327 (D.C. Cir. 2018).

In contrast here, Judge Roberts calculated a base offense level of 34, which at the time of sentencing had an upper limit of 2.8 kilograms. See U.S.S.G. § 2D1.1(c) (Supp. Nov. 1, 2010) (offense level 34 corresponds to "[a]t least 840 G but less than 2.8 KG"). The maximum drug quantity attributable to Mr. Ball therefore was 2.8 kilograms. And that remains true today. See United States v. Wyche, 741 F.3d at 1292-93. Finding Mr. Ball responsible for more than 2.8 kilograms of cocaine base, as the United States requests, would be inconsistent with Judge Roberts' implicit factual finding that Mr. Ball's drug quantity did not exceed 2.8 kilograms. And as the D.C. Circuit made clear in United States v. Wyche and United States v. Kennedy, the resentencing court's drug quantity finding "cannot be inconsistent with factual determinations made by the original sentencing court." See United States v. Wyche, 741 F.3d at 1293 (citing United States v. Kennedy, 722 F.3d at 442).

Under these circumstances, the Court will not re-open the issue of drug quantity. Following Amendment 782 to the Sentencing Guidelines, a drug quantity of at least 840 grams but less than 2.8 kilograms carries a base level offense of 32. See U.S.S.G. § 2D1.1(c). Because Mr. Ball is responsible for at least 1.5 kilograms but less than 2.8 kilograms of cocaine base, his revised base offense level is 32. Applying the same enhancements for handgun possession and leadership role that were applied at the original sentencing, Mr. Ball's new total offense level is 38 and the revised Guideline range is 235 to 293 months.

### B. Reduction Below the Amended Guideline Range

Section 3582(c) decisions are bound by "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). With certain limited exceptions, the Court is not authorized to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 to a term that is less than the lowest term of imprisonment

9

within the revised Guideline range. See U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ").[5] Even when a defendant was originally sentenced to a term of imprisonment that is less than the Guideline range applicable at the time of sentencing, the Court is limited by U.S.S.G. § 1B1.10(b)(2)(A) and may not sentence a defendant to a term of imprisonment below the lowest end of the revised Guideline range. See id. at § 1B1.10 cmt. n.3; see also United States v. Medina, No. 17-3049, 2018 WL 1046107, at *1 (D.C. Cir. Feb. 1, 2018) (per curiam); United States v. Taylor, 743 F.3d 876, 879-80 (D.C. Cir. 2014) (per curiam) ("Because § 1B1.10(b)(2)(A) bars sentence reductions below the applicable amended guideline range, and because Taylor's sentence was already below that range, the district court properly held that a reduction in his sentence was unavailable."); United States v. Giraldo, No. 03-0554, 2016 WL 10952398, at *2-3 (D.D.C. May 13, 2016).

    Here, Judge Roberts imposed a sentence of 225 months – 67 months below the Guideline range applicable at the time of sentencing. That sentence included a fifteen-month reduction to remedy the three-and-a-half-year delay in sentencing. See Sentencing Tr. at 70-71; United States v. Jones, 744 F.3d at 1366, 1370 (affirming Judge Roberts' fifteen-month sentence reduction to "remedy" the delay in sentencing). In order to preserve that fifteen-month reduction, Mr. Ball asks the Court to subtract fifteen months from the bottom of the revised

---

[5]  One exception to this general prohibition is for defendants who provide "substantial assistance" to authorities: "If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." See U.S.S.G. § 1B1.10(b)(2)(B); In re Sealed Case, 722 F.3d 361, 370 (D.C. Cir. 2013). That exception is not applicable in this case, as the United States did not file a substantial assistance motion.

Guideline range (235 months) for a new, reduced sentence of 220 months.  See Mot. at 4-5.  The United States argues that the Court may not reduce Mr. Ball's sentence below his current sentence of 225 months.  See Reply at 7 n.2.

The Court agrees with the United States that the Court may not reduce Mr. Ball's sentence below 225 months under these circumstances.  With certain limited exceptions that do not apply here, the Court simply is not authorized by law to reduce a defendant's term of imprisonment to a term that is less than the lowest term of imprisonment within the revised Guideline range.  See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range . . .").  The problem for Mr. Ball is that no matter how the Court characterizes the fifteen-month reduction imposed by Judge Roberts to remedy the delay in sentencing, U.S.S.G. § 1B1.10(b)(2)(A) prohibits the Court from reducing Mr. Ball's sentence below the bottom of the revised Guideline range, which in this case is 235 months.  See United States v. Giraldo, No. 03-0554, 2016 WL 10952398, at *2-3.  Mr. Ball currently is serving a sentence of 225 months, ten months below the bottom of the revised Guideline range.  Under these circumstances, Mr. Ball is not eligible for a sentence modification under Section 3582(c)(2).

## IV.  CONCLUSION

For the reasons set forth in this Opinion, the Court must deny Mr. Ball's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [Dkt. No. 1619].[6] Accordingly, it is hereby

ORDERED that the motion of the defendant to reduce his sentence pursuant to 18 U.S.C. § 3582(c) [Dkt. No. 1619] is DENIED; and it is

FURTHER ORDERED that his pro se letter motion seeking the same relief [Dkt. No. 1600] also is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE:  April 2, 2019

---

[6] Still pending before the Court is Mr. Ball's separate pro se motion [Dkt. No. 1552] under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the United States has opposed.  The Court will address that motion at a later date.